IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
|     ROBERT EARL DOVE ) | |
| ) | CASE NO. 14-41070 |
| ) | |
|     DEBTOR ) | |

### OBJECTION TO CLAIM NO. 3 OF CITIZEN'S BANK

Comes now, the Debtor, Robert Dove, by and through undersigned counsel, pursuant to 11 U.S.C. § 502(a) and (b)(1), FRBP 3001and FRBP 3007(a), and objects to Proof of Claim Number 3 filed by creditor, Citizen's Bank in the amount of $10,151.23, on 4/14/14.

PURSUANT TO LOCAL RULE 3007-1 (B), THE CLAIMANT SHALL HAVE 30 DAYS AFTER SERVICE OF THE OBJECTION IN WHICH TO FILE A RESPONSE . THE RESPONSE SHALL BE IN WRITING AND STATE WHY THE CLAIM SHOULD BE ALLOWED AS FILED. IF A RESPONSE IS FILED, THE COURT WILL SCHEDULE A HEARING. IF NO TIMELY RESPONSE IS FILED, THE COURT WILL ENTER AN ORDER SUSTAINING THE OBJECTION TO THE CLAIM. PARTIES NOT REPRESENTED BY AN ATTORNEY SHALL MAIL A RESPONSE TO THE COURT AT THE ADDRESS BELOW. DEBTOR(S) NOT REPRESENTED BY AN ATTORNEY MUST BE SERVED A COPY OF THE RESPONSE BY MAIL.

In support of this Objection, the Debtor states the following:

1. The Debtor filed this pending case under Chapter 13 of the United States Bankruptcy Code on March 31, 2014.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), and this Court has proper subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b).

3. The Creditor filed the Proof of Claim listed above as unsecured debt for a total of $10,151.23 on April 14, 2014. The Proof of Claim was signed by Lisa M Cagno.

4. Before a claim may be allowed under 11 U.S.C. § 502, it must be filed by an entity that actually holds the claim. *See In re Curry*, 409 B.R. 831, 842 (Bankr. N.D.Tex. 2009) ("While the account summaries state from whom [the creditor] purchased the claims, they are not documents evidencing the assignment."); *In re Doherty*, 400 B.R. 382, 383-384 (Bankr. W.D.N.Y. 2009) ("In the absence of sufficient proof of the ownership of a claim, whether it be by a purchaser, transferee or successor-in-interest, that proof of claim can and must be disallowed."); *In re Melillo*, 392 B.R. 1 (1st Cir. B.A.P. 2008).

5. This particular Proof of Claim is deficient because it contains no supporting documentation (i.e. a writing) as required by FBRP 3001(c)(1).

6. Thus, the Creditor has produced zero evidence showing that it has a right to collect anything from Debtor.

7. The Debtor's Objection overcomes the FBRP 3001(f) presumption because it has can be shown with substantial evidence (here, the creditor's own filings) that the creditor is not a real party in interest. *See generally In re Dove-Nation*, 318 B.R. 147, 152 (8th Cir. B.A.P. 2004).

8. Furthermore, Debtor objects to this Claim based on the fact that this debt was listed as disputed on Schedule F (referenced as "AES/RBS Citizens NA").

9. The Debtor reserves his right to amend this Objection and to request additional verification of the Proof of Claim filed by the Creditor.

**WHEREFORE**, the Debtor moves this Honorable Court for the following relief:

A. Order the Creditor file the necessary documents to prove it is a party in interest, and has a right to receive a disbursement from the Chapter 13 Trustee in this case within 7 days; and

B. Such other relief as this Honorable Court may deem just and proper.

Dated:   September 8, 2014                               Respectfully submitted,

**LAWSON LAW CENTER LLC**

/s/ Steven A. Shepherd
Terry L. Lawson, Jr. MO #53203
Steven A. Shepherd MO #66222
700 E. 8th Street, Suite 300
Kansas City, MO 64106
816-802-6677
816-816-6678 fax
terry@llckc.com & steve@llckc.com
ATTORNEY FOR DEBTOR

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of this Objection to Claim was mailed to the following by first class mail this 8th day of September, 2014.

RBS Citizens
443 Jefferson Blvd
RJW 135
Warwick, RI 02886

Represented parties received notice electronically via the court's Electronic System.

Date: September 8, 2014                        /s/ Steven A. Shepherd
                                                                    ATTORNEY FOR DEBTOR