IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
|     ROBERT EARL DOVE ) | |
| ) | CASE NO. 14-41070 |
| ) | |
|     DEBTOR ) | |

## OMNIBUS OBJECTION TO CLAIMS NOS. 7-17 OF NATIONAL COLLEGIATE TRUST

Comes now, the Debtor, Robert Dove, by and through undersigned counsel, pursuant to 11 U.S.C. § 502(a) and (b)(1), FRBP 3001, FRBP 3007(a) and FRBP 3007(d), and objects to the following Proofs of Claim by National Collegiate Trust ("NCT"):

a) Proof of Claim Number 7 filed by creditor, NCT, in the amount of $25,034.16, on 5/5/14.

b) Proof of Claim Number 8 filed by creditor, NCT, in the amount of $10,426.60 on 5/5/14.

c) Proof of Claim Number 9 filed by creditor, NCT, in the amount of $15,380.10, on 5/5/14.

d) Proof of Claim Number 10 filed by creditor, NCT, t in the amount of $9,480.66, on 5/5/14.

e) Proof of Claim Number 11 filed by creditor, NCT, in the amount of $8,467.77, on 5/5/14.

f) Proof of Claim Number 12 filed by creditor, NCT, in the amount of $10,082.06, on 5/5/14.

g) Proof of Claim Number 13 filed by creditor, NCT, in the amount of $28,408.87, on 5/5/14.

h) Proof of Claim Number 14 filed by creditor, NCT, in the amount of $18,332.73, on 5/5/14.

i) Proof of Claim Number 15 filed by creditor, NCT, in the amount of $9,966.24, on 5/5/14.

j) Proof of Claim Number 16 filed by creditor, NCT, in the amount of $17,700.97, on 5/5/14.

k) Proof of Claim Number 17 filed by creditor, NCT, in the amount of $5,190.32, on 5/5/14.

PURSUANT TO LOCAL RULE 3007-1 (B), THE CLAIMANT SHALL HAVE 30 DAYS AFTER SERVICE OF THE OBJECTION IN WHICH TO FILE A RESPONSE . THE RESPONSE SHALL BE IN WRITING AND STATE WHY THE CLAIM SHOULD BE ALLOWED AS FILED.  IF A RESPONSE IS FILED, THE COURT WILL SCHEDULE A HEARING.  IF NO TIMELY RESPONSE IS FILED, THE COURT WILL ENTER AN ORDER SUSTAINING THE OBJECTION TO THE CLAIM.  PARTIES NOT REPRESENTED BY AN ATTORNEY SHALL MAIL A RESPONSE TO THE COURT AT THE ADDRESS BELOW. DEBTOR(S) NOT REPRESENTED BY AN ATTORNEY MUST BE SERVED A COPY OF THE RESPONSE BY MAIL.

In support of this Omnibus Objection, the Debtor states the following:

1.     The Debtor filed this pending case under Chapter 13 of the United States Bankruptcy Code on March 31, 2014.

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), and this Court has proper subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b).

3. The Creditor filed the Proofs of Claim listed above as unsecured debt for a total of $158,470.48 on May 5, 2014. The Proofs of Claim were all signed by Stacy Suire, as Authorized Agent.

4. Before a claim may be allowed under 11 U.S.C. § 502, it must be filed by an entity that actually holds the claim. *See In re Curry*, 409 B.R. 831, 842 (Bankr. N.D.Tex. 2009) ("While the account summaries state from whom [the creditor] purchased the claims, they are not documents evidencing the assignment."); *In re Doherty*, 400 B.R. 382, 383-384 (Bankr. W.D.N.Y. 2009) ("In the absence of sufficient proof of the ownership of a claim, whether it be by a purchaser, transferee or successor-in-interest, that proof of claim can and must be disallowed."); *In re Melillo*, 392 B.R. 1 (1st Cir. B.A.P. 2008).

5. These particular Proofs of Claim are all deficient because the supporting documents attached refer to other integral documents and are facially incomplete.

6. For example, Claim 7 has an attached document purporting to be a "Non-Negotiable Credit Agreement." The top of this document indicates that it is page 2 of 2. Page 1 is missing.

7. Every Proof of Claim listed above is also lacking the complete "Agreement."

8. In addition, the Creditor has produced what is ostensibly the document that transferred these loans to a National Collegiate Trust. These documents are titled "Pool Supplements."

9. Each "Pool Supplement" refers to another document (sometimes "Schedule 1," other times "Schedule 2.") These supplementary documents supposedly list the actual loans transferred. All of these supplementary documents are missing.

10. In addition, each NCT Proof of Claim supporting documentation shows that the loans were alleged transferred to specific statutory trusts (e.g. National Collegiate Student Loan Trust 2006-3). No supporting document (aside from a self-serving "Statement of Accounts") mentions the entity called "National Collegiate Trust."

11. Thus, the Creditor has produced zero evidence showing that any entity called National Collegiate Trust has a right to be paid as a claimant in this bankruptcy on these alleged loans.

12. The Debtor further objects to the Creditor's proofs of claim because the Creditor failed to provide an account history showing interest, fees, expenses and other charges incurred as required by FBRP 3001(c)(2)(A).

13. The Debtor's Omnibus Objection overcomes the FBRP 3001(f) presumption because it can be shown with substantial evidence (here, the creditor's own filings) that the creditor is not a real party in interest. *See generally In re Dove-Nation*, 318 B.R. 147, 152 (8th Cir. B.A.P. 2004).

14. Furthermore, Debtor objects to these Claims based on the fact that these debts were listed as disputed on Schedule F (referenced as "AES/NCT").

15. The Debtor reserves his right to amend this Omnibus Objection and to request additional verification of the Proofs of Claim filed by the Creditor.

**WHEREFORE**, the Debtor moves this Honorable Court for the following relief:

A. Order the Creditor file the necessary documents to prove it is a party in interest, and has a right to receive a disbursement from the Chapter 13 Trustee in this case within 7 days; and

B. Such other relief as this Honorable Court may deem just and proper.

Dated:  September 8, 2014                                 Respectfully submitted,

**LAWSON LAW CENTER LLC**

/s/ Steven A. Shepherd
Terry L. Lawson, Jr. MO #53203
Steven A. Shepherd MO #66222
700 E. 8th Street, Suite 300
Kansas City, MO 64106
816-802-6677
816-816-6678 fax
terry@llckc.com & steve@llckc.com
ATTORNEY FOR DEBTOR

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this Omnibus Objection to Claim was mailed to the following by first class mail this 8th day of September, 2014.

National Collegiate Trust
7595 Montevideo Rd
Jessup, MD 20794

Represented parties received notice electronically via the court's Electronic System.

Date: September 8, 2014                                   /s/ Steven A. Shepherd
                                                          ATTORNEY FOR DEBTOR