IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE:<br>ROBERT EARL DOVE<br><br>                    Debtor | Case No. 14-41070    Chapter 13 |

**AMENDED OBJECTION TO CLAIM NO. 2 OF CITIZEN'S BANK**

Comes now, the Debtor, Robert Dove, by and through undersigned counsel, pursuant to 11 U.S.C. § 502(a) and (b)(1), FRBP 3001and FRBP 3007(a), and objects to Proof of Claim Number 2 filed by creditor, Citizen's Bank in the amount of $3,594.24, on 4/9/14.

PURSUANT TO LOCAL RULE 3007-1 (B), THE CLAIMANT SHALL HAVE 30 DAYS AFTER SERVICE OF THE OBJECTION IN WHICH TO FILE A RESPONSE . THE RESPONSE SHALL BE IN WRITING AND STATE WHY THE CLAIM SHOULD BE ALLOWED AS FILED. IF A RESPONSE IS FILED, THE COURT WILL SCHEDULE A HEARING. IF NO TIMELY RESPONSE IS FILED, THE COURT WILL ENTER AN ORDER SUSTAINING THE OBJECTION TO THE CLAIM. PARTIES NOT REPRESENTED BY AN ATTORNEY SHALL MAIL A RESPONSE TO THE COURT AT THE ADDRESS BELOW. DEBTOR(S) NOT REPRESENTED BY AN ATTORNEY MUST BE SERVED A COPY OF THE RESPONSE BY MAIL.

In support of this Objection, the Debtor states the following:

1.  The Debtor filed this pending case under Chapter 13 of the United States Bankruptcy Code on March 31, 2014.

2.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), and this Court has proper subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b).

3.  The Creditor filed the Proof of Claim listed above as unsecured debt for a total of $3,594.24 on April 9, 2014. The Proof of Claim was signed by Steven Borowick.

**I.   Claim 2 is facially deficient and does not provide prima facie evidence of a valid claim by the alleged claimant.**

4.  Before a claim may be allowed under 11 U.S.C. § 502, it must be filed by an entity that actually holds the claim. *See In re Curry*, 409 B.R. 831, 842 (Bankr. N.D.Tex. 2009) ("While the account summaries state from whom [the creditor] purchased the claims, they are not documents evidencing the assignment."); *In re Doherty*, 400 B.R. 382, 383-384 (Bankr. W.D.N.Y. 2009) ("In the absence of sufficient proof of the ownership of a claim, whether it be by a purchaser, transferee or successor-in-interest, that proof of claim can and must be disallowed."); *In re Melillo*, 392 B.R. 1 (1st Cir. B.A.P. 2008).

5. This particular Proof of Claim is deficient because it contains no supporting documentation as required by FRBP 3001(c)(1).

6. Thus, the Creditor has produced zero evidence showing that it has a right to collect anything from Debtor.

7. The Debtor further objects to the Creditor's claim because the Creditor failed to provide an account history showing interest, fees, expenses and other charges incurred as required by FBRP 3001(c)(2)(A).

8. The Debtor's Objection overcomes the FBRP 3001(f) presumption because it has can be shown with substantial evidence (here, the creditor's own filings) that the creditor is not a real party in interest. *See generally In re Dove-Nation*, 318 B.R. 147, 152 (8th Cir. B.A.P. 2004).

9. Once an objection is made to a proof of claim, the claimant then has "the ultimate burden of persuasion as to the claim's validity and amount." *In re Consumers Realty & Development Co., Inc.*, 238 B.R. 418, 423 (8th Cir. B.A.P. 1999).

10. Furthermore, Debtor objects to this Claim based on the fact that this debt was listed as disputed on Schedule F (referenced as "AES/RBS Citizens NA").

**II.     Neither the Claimant nor its agents have provided any response or additional documentation to Debtors initial Objection to Claim 2, so this Court should disallow the Claim.**

11. The Debtor's original Objection to Claim 2 was filed on September 8, 2014.

12. Debtor served the Objection to Claim 2 on the Claimant at the address it provided on its Proof of Claim.

13. The Claimant has made no response to the original Objection as of the date of this filing.

14. As noted above, once an objection is made to a proof of claim, the claimant then has "the ultimate burden of persuasion as to the claim's validity and amount." *In re Consumers Realty & Development Co., Inc.*, 238 B.R. at 423.

15. Because claimant has not responded to the original Objection to Claim, claimant has not even attempted to satisfy its burden of persuasion and therefore the claim must be disallowed.

16. In addition, Local Rule 3007-1(D) provides that a claimant has thirty (30) days to file a response to an objection to claim and if it does not, then the court will sustain the objection and disallow the claim.

17. As Claimant has not yet responded to the original Objection, despite being first served on or about September 8, 2014, its claim should be disallowed.

### III. Claim 2 provides no proof of assignment and is an inadequate claim under state law.

18. A claim which is unenforceable against the debtor under applicable state law should be disallowed. 11 U.S.C. § 502(b)(1); *Travelers Cas. & Sur. Co. v. Pacific Gas & Elec. Co.*, 549 U.S. 443, 450 (2007). This means that any defense which a debtor could have raised in a state court suit against a claim is available in bankruptcy. *Id.*

19. In Missouri, standing is a threshold issue and courts have a duty to establish standing through assignment prior to addressing the substantive issues of a case. *CACH v. Askew*, 358 S.W.3d 58, 60 (Mo. banc 2012); *Farmer v. Kinder*, 89 S.W.3d 447, 451 (Mo. banc 2002).

20. Parties must show valid assignment from the rightful owner. *Askew* at 60. There must be proof of the validity of assignment every time the rights to collect are transferred. *Id.* at 62.

21. Every link in the chain of assignment must be proven by competent evidence. *Askew* at 61-62.

22. Furthermore, standing cannot be waived. *Id.*

23. In this case, the Claimant has not attached any information indicating that it is a proper party to bring this claim.

24. Because the Claimant cannot show that it has properly been assigned the alleged debt underlying the proof of claim, it lacks standing.

25. Because Claimant lacks standing, the alleged debt underlying the proof of claim would fail under substantive state law, and is therefore unenforceable against the Debtor under 11 U.S.C. §502(b)(1).

26. The Debtor reserves his right to amend this Objection and to request additional verification of the Proof of Claim filed by the Creditor.

**WHEREFORE**, the Debtor moves this Honorable Court to issue an order for the following relief:

A. That Claim 2 should be entirely disallowed as it fails to comply with the mandatory requirements of Rule 3001(c);

B. That the Claim 2 should be entirely disallowed as the creditor failed to provide verification of ownership, and is therefore unenforceable against the Debtor pursuant to 11 U.S.C. §502(b)(1);

C. That the Claimant lacks standing and has no claim under state law to proceed on its claim made against Debtor;

D. That the Claimant be precluded from filing any amended, modified or substituted claim in this case; and

E. Such other relief as this Honorable Court may deem just and proper.

Dated: November 25, 2014        Respectfully submitted,

**LAWSON LAW CENTER LLC**

/s/ Steven A. Shepherd
Terry L. Lawson, Jr. MO #53203
Steven A. Shepherd MO #66222
700 E. 8th Street, Suite 300
Kansas City, MO 64106
816-802-6677
816-816-6678 fax
terry@llckc.com & steve@llckc.com
ATTORNEY FOR DEBTOR

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of this Amended Objection to Claim was mailed to the following by first class mail this 25th day of November, 2014.

Citizens Bank
443 Jefferson Boulevard RJW-135
Warwick, Rl 02886

Represented parties received notice electronically via the court's Electronic System.

Date: November 25, 2014        /s/ Steven A. Shepherd
                                                      ATTORNEY FOR DEBTOR